**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| HUDSON VALLEY ENGINEERING ASSOCIATES, P.C. | : : : : | INDEX NO.: 7:19-cv-07060 |
| Plaintiff, | : : | *Civil Action* |
| vs. | : : | |
| KS ENGINEERS, P.C., NYNJ LINK DEVELOPER, LLC | : : : | **STIPULATION OF PROTECTIVE ORDER** |
| Defendant. | | |

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);
   b. previously nondisclosed material relating to ownership or control of any non-public company;
   c. previously nondisclosed business plans, product development information, or marketing plans;
   d. any information of a personal or intimate nature regarding any individual; or
   e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;
   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;
   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
   e. documents designated as confidential may be shared with the following third parties to the extent that disclosure is necessary or appropriate to resolve any of the claims or issues in this action: NYNJ Link Developer, LLC; The Port Authority of New York and New Jersey; and the Federal Highway Administration. If either party discloses confidential documents to the foregoing entities then they shall also advise the receiving party that the documents are to be kept confidential and they shall provide to the receiving party a copy of this Protective Order;
   f. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, shall be advised that the documents designated

      as confidential shall not be shared with any other person, or entity and shall be provided with a copy of this Protective Order;

    g. stenographers engaged to transcribe depositions conducted in this action; and

    h. the Court and its support personnel.

    i. In the event that the defendant plans to disclose confidential documents to any third party then it shall notify the plaintiff in advance of that disclosure and identify the receiving party.

6. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly,

counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

8. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all

copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED TO AND AGREED:**

Date: APRIL 4, 2020      By: _____
                              Hudson Valley Engr. Assoc., P.C.


Date: _____      By: _____
                              KS Engineers, P.C.


**PURSUANT TO STIPULATION, IT IS**

**SO ORDERED**, this _____ day of _____, 2020 by

_____
HON.

Date: _____

By: _____
    Hudson Valley Engr. Assoc., P.C.

Date: 4/1/2020

By: _____
    KS Engineers, P.C.

**PURSUANT TO STIPULATION, IT IS**

**SO ORDERED**, this __7th__ day of ____April____, 2020 by

_Cathy Seibel_ _____
                 U.S.D.J.

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

_____ [print name] declares that:

I am currently employed by _____, located at _____, and my current job title is _____.

I declare under penalty of perjury that I have read and I understand the terms of the Protective Order dated _____ issued by the United States District Court for the Southern District of New York in Case No 7:19-cv-07060 captioned <u>Hudson Valley Engineering Assoc., P.C. v. KS Engineers, P.C. et al.</u> ("the Action").  I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court including punishment in the nature of contempt.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of the Action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than sixty (60) days after final termination of this Action, I shall return to the attorney from whom I have

received them, all documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order even if such proceedings occur after termination of the Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this Action or any proceedings related to enforcement of the Stipulation Protective Order.

Executed on _____     _____
                  (Date)                        (Signature)

Print Name: _____

City and State where sworn & signed:
_____